[Crim. No. 843.    In Bank.—November 8, 1902.]

## THE PEOPLE, Respondent, v. CHARLES G. ADAMS, Appellant.

CRIMINAL LAW—MURDER—SELF-DEFENSE—EVIDENCE.—Upon a charge of murder, where the defendant relied upon self-defense, it was permissible to prove that the deceased was unarmed, and to prove his declaration that he carried no arms, made in the presence of and to the defendant before the shooting.

ID.—IMPEACHMENT OF WITNESS.—It is proper to interrogate a witness for the purpose of impeachment upon the testimony which he had given upon the preliminary examination of the cause, and to admit the testimony for that purpose.

ID.—REPUTATION OF DECEASED FOR PEACE AND QUIET—NEGATIVE TESTIMONY.—It is not error to admit negative testimony of witnesses who state that they had never heard the reputation of the deceased for peace and quiet discussed, and to refuse to strike out such testimony.

ID.—INSTRUCTION—CODE PROVISION—BURDEN OF PROOF.—Where the evidence for the prosecution is sufficient to sustain a verdict of guilty of murder, section 1105 of the Penal Code, as to the burden of proof resting upon the defendant to show circumstances of mitigation, or that justify or excuse the homicide, is properly given to the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Robert Ferral, Edwin M. Sweeney, and J. J. Guilfoyle, for Appellant.

Tirey L. Ford, Attorney-General, C. N. Post, Assistant Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

HENSHAW, J.—Defendant, charged with murder, was ·convicted of murder in the second degree. He appeals from the judgment and from the order denying him a new trial.

It is first urged against the verdict that it is unsupported by the evidence. Defendant sought to establish self-defense. It was, however, proved by the prosecution that defendant, who was a barber in the service of the deceased, upon the morning of the homicide had been discharged by his employer. In the barber-shop at the time were the deceased, the defendant, and the porter, Patterson. The defendant accused the porter of having carried tales about him. The deceased said, "No, but some of the customers had complained of him." The defendant replied, "You are a God damn lying son of a bitch." The deceased jumped up from his chair and said, "Don't call me no son of a bitch. Get out of here," and advanced toward defendant. When close to him defendant fired the shot which caused death. The two men grappled, but not until after the shot had been fired. Defendant fled from the scene of the homicide to Santa Clara, where he was arrested. He did not board the train at the city depot, but walked down the track and took it at Millbrae Station. On his flight he stated that the deceased had tried to shoot him. Upon the trial, however, it was admitted that deceased made no effort to draw a pistol, and it was proved not only that deceased was unarmed, but that he never carried a pistol, and that defendant was aware of this fact. The evidence fully supports the verdict.

Certain objections to the rulings of the court upon the admission and rejection of evidence are argued. They have been examined with care, and it cannot be perceived that in any of them was there error. It was permissible to prove that deceased was unarmed, and it was further permissible to prove his declarations with relation to the carrying of arms made in the presence of and to the defendant before the shooting. (*People* v. *Powell*, 87 Cal. 362.) It was proper to interrogate the witness Brooks for the purpose of impeachment upon the testimony which he had given upon the preliminary examination of the cause, and the rulings of the court admitting the testimony for that purpose were proper.

The greatest stress, however, is laid upon the ruling admitting the negative testimony of witnesses as to the reputa-

tion of the deceased for peace and quiet, and in refusing to strike out this evidence when it was shown that the witnesses in question had not heard the reputation of the deceased for the particular traits in question discussed. But it is a matter of common sense, common observation, and common knowledge that a man's reputation for peace and quiet is seldom a matter of discussion until some alleged breach of the law calls up its consideration. Thus in *Regina* v. *Cory,* 10 Cox C. C. 23, Chief Justice Cockburn remarks: "I am ready to admit that negative evidence to which I have referred, of a man's saying 'I never heard anything against the character of the person of whose character I came to speak on,' should not be excluded. I think the fact it is given in the negative form is the most cogent evidence of a man's good character and reputation, because a man's character does not get talked about until there is some fault to be found with him. It is the best evidence of his character that he is not talked about at all. I think the evidence is admissible in that sense." And so, without multiplying quotations upon the question, may be cited: *Ward* v. *State,* 28 Ala. 53; *State* v. *Nelson,* 58 Iowa, 208; *State* v. *Lee,* 22 Min. 207; [1] *Davis* v. *Foster,* 68 Ind. 238; *Craig* v. *Craig,* 5 Rawle, 91; *Johnson* v. *Brown,* 51 Tex. 65; *Davis* v. *Franke,* 33 Grat. 413; Rice's Criminal Evidence, sec. 380; Taylor's Criminal Evidence, sec. 350.

In the instructions we perceive no error. There was no inconsistency in the two instructions given upon the subject of flight. Section 1105 of the Penal Code, under the evidence in the case, was properly given to the jury. The court's definition and explanation of the term "wall" as the limit of retreat of a person assailed is fully supported. (*People* v. *Hecker,* 109 Cal. 462.)

The judgment and order appealed from are therefore affirmed.

McFarland, J., Van Dyke, J., Harrison, J., Garoutte, J., and Temple, J., concurred.

Rehearing denied.

---

[1] 21 Am. Rep. 768.