[Sac. No. 2168.   Department Two.—March 24, 1915.]

## SARAH J. THOMAS, Respondent, v. VISALIA ELECTRIC RAILROAD COMPANY, Appellant.

Negligence — Defective Railroad Crossing — Collapse of Passing Vehicle—Reckless Driving—Defective Vehicle—Instructions— Inferences from Evidence.—In an action against a railroad company to recover damages for personal injuries suffered by a person while driving over the defendant's tracks at its intersection with a highway as the result of the overturning and collapse of the vehicle in which she was riding, where the plaintiff claimed that the accident was the result of the defendant's negligence in not properly maintaining the crossing and the approaches thereto, and the defendant contended that it was the result either of reckless driving or of a defect in the vehicle, but having no eye witnesses either to the accident or to the condition of the vehicle, introduced evidence

that many other people had driven across the tracks before and immediately after the accident without any difficulty in so doing, for the purpose of inferentially establishing its theory of the case, it is entitled to have proper instructions given to the jury covering its theory of the case, and the inferences legitimately arising from such evidence.

ID.—INFERENCES TO BE DRAWN FROM EVIDENCE—LITIGANT ENTITLED TO INSTRUCTIONS COVERING.—A litigant is entitled to proper instructions bearing upon any legitimate inference which may be drawn from evidence given. He is not limited in this right to instructions addressed only to the positive evidence in the case. Inferences properly drawn are in many cases the only method of arriving at the truth.

ID.—ERRONEOUS INSTRUCTIONS—PERSON RIDING IN VEHICLE NOT AN INSURER OF ITS SOUNDNESS.—An instruction requested in such connection, as follows: "If some of the appliances by which the horses were hitched to the rig in question were defective, and as the result of such defect broke, thereby causing the horses to run away and the vehicle to be overturned, you must find for the defendant because such defect in said appliances and the running away of the horses were the direct and proximate cause of the accident," is erroneous, because it would in effect make the plaintiff an insurer of the soundness of the vehicle. Neither plaintiff nor her driver were responsible for any defect in the vehicle, latent or otherwise, unless it was known or could have been known by the exercise of ordinary care.

ID.—HORSE-DRAWN VEHICLE ON PUBLIC HIGHWAY NOT REQUIRED TO CARRY LIGHTS AT NIGHT.—A further requested instruction informing the jury that in determining "whether or not plaintiff exercised ordinary care you are to consider the circumstances surrounding the said plaintiff, in determining what amount of care should reasonably be expected of a person traveling along a road as she was. In this respect, you will take into consideration the fact that she was traveling at night, the rate of speed at which she was traveling, the question of whether it was dark enough to make the use of lights on said vehicle a requisite of ordinary prudence, and the question of whether or not any lights were carried on said vehicle to show the condition of the road ahead," is also erroneous, in that it specifically told the jury to consider whether "a requisite or ordinary prudence" required plaintiff to carry light sufficient to show the defective condition of the highway. No law imposes any such duty in the exercise of ordinary care upon the driver of a horse-drawn vehicle upon the public highway.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Frank Karr, J. W. McKinley, A. W. Ashburn, Jr., Powers & McFadzean, and W. R. Miller, for Appellant..

E. I. Feemster, and Feemster & Walker, for Respondent.

HENSHAW, J.—Plaintiff sued to recover damages for personal injuries which she received in the manner hereinafter set forth. The cause was tried before a jury, which awarded her damages in the sum of three thousand three hundred and sixty-eight dollars. Defendant moved for a new trial. Upon denial of its motion it appealed from the judgment and from the order of the court.

The complaint alleged that plaintiff, in company with three other persons, was riding in a two-horse surrey along one of the public roads of Tulare County. Her brother was driving. It was in the night-time. The railroad tracks of the defendant crossed this highway and the crossing was so negligently maintained that there were not suitable approaches, the rails standing above the surface of the highway from four to six inches. The tracks of defendant did not cross this highway at right angles, but at an acute or obtuse angle, depending upon the direction of one's approach to them. As a result, it is asserted, that when the wheels of the vehicle struck the high rails, the wheels cramped, the double-tree broke, the single-trees and pole fell to the ground, and the horses became frightened, ran away, overturned the vehicle, and inflicted the injuries for which compensation was sought. The answer was by denial and set forth contributory negligence. Defendant having no eye witnesses to the accident, nor any eye witnesses to the physical condition of the surrey, produced evidence that many other people had driven across these tracks before and immediately after the accident and had experienced no particular difficulty in so doing. Care was required and it was necessary to drive slowly, but that was all. Upon this evidence the defendant sought to have the jury draw the inference that the accident was occasioned either through the careless and reckless driving of plaintiff's brother, or through some defect in the vehicle itself; upon the one hand, that reckless driving, where care was required, occasioned the accident; upon the other, that if the vehicle was being driven with due care, then the vehicle itself, by reason of rusted bolts or defective double-tree was not physically

capable of bearing the strain of ordinary careful driving, and so broke down and occasioned the accident. Certain instructions were proposed by defendant in support of this view, and the refusal of the court to give these instructions is the matter complained of on this appeal.

A litigant is entitled to proper instructions bearing upon any legitimate legal inference which may be drawn from evidence given. He is not limited in this right to instructions addressed only to the positive evidence in the case. Inferences properly drawn are in many cases the only method of arriving at the truth. In every case where direct and positive evidence of a fact is not possible, proof, the result of evidence, must be reached either by presumption or by inference. The difference between an evidentiary presumption and an evidentiary inference is simply this, that when the law requires the jury to draw a certain designated conclusion from particular evidence, that conclusion so forced upon the jury is a presumption. Where mandatory presumptions are not exacted, it is the right and duty of the jury to draw such reasonable inferences from the evidence as may appeal to and satisfy their minds. (*Davis* v. *Hearst*, 160 Cal. 143, 176, [116 Pac. 530]; Code Civ. Proc., secs. 1958, 1959.) Therefore, appellant was within its rights in asking that instructions be given to the jury touching the conclusion which they should reach, if they did draw from the evidence in the case the inference of the negligence of plaintiff's driver or of a defective vehicle. The difficulty, however, is that the instructions which the defendant proposed went beyond its rights in the matter. Thus, defendant's proposed instruction 16 is as follows:

"If some of the appliances by which the horses were hitched to the rig in question were defective, and as the result of such defect broke, thereby causing the horses to run away and the vehicle to be overturned, you must find for the defendant because such defect in said appliances and the running away of the horses were the direct and proximate cause of the accident."

This instruction, however, is not correct in point of law. It would in effect make the plaintiff an insurer of the soundness of the vehicle in which she was riding. But plaintiff and plaintiff's driver were not responsible for any defect in the vehicle, latent or otherwise, unless it was known or could

have been known by the exercise of ordinary care. To like effect are the other instructions also refused by the court. Still another one, standing upon slightly different ground, informed the jury that in determining "whether or not plaintiff exercised ordinary care, you are instructed that you are to consider the circumstances surrounding the said plaintiff, in determining what amount of care should reasonably be expected of a person traveling along a road as she was. In this respect, you will take into consideration the fact that she was traveling at night, the rate of speed at which she was traveling, the question of whether it was dark enough to make the use of lights on said vehicle a requisite of ordinary prudence, and the question of whether or not any lights were carried on said vehicle to show the condition of the road ahead, and all the circumstances and surroundings." The difficulty with this instruction, which justified the court's refusal to give it, is that while in general terms it properly advises the jury that they were to determine from all the facts, circumstances, and surroundings in the case, whether plaintiff's driver was exercising ordinary care, they are specifically told to consider whether "a requisite or ordinary prudence" required plaintiff to carry light sufficient to show the defective condition of the highway. We know of no law imposing any such duty in the exercise of ordinary care upon the driver of a horse-drawn vehicle upon the public highway. To the contrary, one who obstructs the highway, even under license, is under duty to maintain proper barricades and warnings by day and proper signal lights at night. There was in this, at least, an intimation to the jury that it was plaintiff's duty to carry upon her surrey some sort of a search light, not as a mere warning signal to other approaching vehicles, but to enable her to determine whether somebody else had obstructed the passage of a highway that she was entitled to believe was free and unobstructed. This particular instruction, for the indicated reason, was properly refused.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.