[Crim. No. 1047. First Appellate District, Division One.—July 21, 1922.]

## THE PEOPLE, Respondent, v. GEORGE H. PAULI, Appellant.

[1] Criminal Law — Forgery — Evidence—Good Reputation.—In a prosecution for making and uttering a forged check with intent to defraud, no error was committed in striking out the testimony of a witness to the good reputation of the defendant for truth, honesty, integrity, and veracity, where the opinion of the witness was based upon his personal contact with the defendant, who was a stranger in the community and had not lived long enough therein to have a general or any reputation.

[2] Id.—Instruction—Acts Constituting Crime.—Where a defendant is charged in an information under section 470 of the Penal Code with the making, forging, and uttering of a false check, either of such acts constitute a crime, and a requested instruction that the jury should acquit if they should find that the defendant made and forged the check, but did not utter it, was unsound in law and properly refused.

[3] Id. — Defective Information — Instruction. — In a prosecution under section 470 of the Penal Code, an instruction that the information was fatally defective in failing to sufficiently charge the defendant with having made and forged the check in question with intent to defraud was properly refused, where no demurrer was interposed to the information on such ground.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Peter F. Morettini for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—The defendant was charged in the information with the crime of making and uttering a forged check with intent to defraud. He was tried, convicted, and sentenced to imprisonment for the term provided by law. His appeal is from the judgment of conviction.

[1] The first contention which the appellant makes upon said appeal is that the trial court committed prejudicial error in granting the motion of the prosecution to strike out the testimony of two certain character witnesses who had testified to the good reputation of the defendant for truth, honesty, integrity, and veracity. The record touching this contention shows the following state of facts: The defendant called three witnesses to his good reputation—Manuel Picano, E. H. Crane, and Daniel B. Wade. The first of these witnesses, Picano, who was a life insurance agent and postmaster, and who also kept a general merchandise store in San Lorenzo, California, gave strong testimony as to defendant's good reputation while he was working in and about San Lorenzo from about April, 1920, to October, 1920, and his testimony was allowed to stand. The next witness, E. H. Crane, was an orchardist at San Lorenzo, for whom the defendant had worked from March to October, 1920, and who on direct examination, in response to the usual inquiries, stated that he knew the defendant's reputation in that community and that it was good. On cross-examination, however, it developed that his opinion on that subject was based wholly on his personal dealings with the defendant and the quality of his work with him; that the defendant was a stranger to him and to the community when he came to work for him; that he lived on his place, went out little, did not form any associations and left the community when he had ceased to work for him. The witness further testified that he never heard his reputation discussed; never heard anyone mention his name or refer to him in any way. The court upon this showing granted a motion to strike out the testimony of this witness. The next witness, Daniel B. Wade, also answered the usual inquiries upon direct examination by testifying that he knew the defendant's reputation and that it was good, but upon cross-examination it developed that the defendant had come, a stranger, to work for him on his ranch near Alviso in the county of Santa Clara in the fall of the year

1920, and had lived and worked on his place about two months, and that he had also worked for him at another time for a brief period; that he formed his opinion as to his good reputation wholly from the work he had done on the place, and that he ' never heard anyone mention his name or talk about him or criticise him and had never discussed his reputation with anyone. The testimony of this witness was also stricken out on motion of the prosecution. We perceive no error in the ruling of the trial court in striking out the testimony of these last two witnesses. It is, of course, a well-known rule regarding evidence of reputation that the fact that the character or reputation of a person in the community in which he resides has not been discussed or questioned is cogent evidence of the person's good character and good reputation. It was so held in *People* v. *Adams,* 137 Cal. 580 [70 Pac. 662], and the quite recent case of *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372], and there can be no doubt that this is the general rule upon the subject. But the application of this rule presupposes a sufficient period of residence and extent of acquaintanceship in the community from which such testimony is drawn, for the person's character to have become known, and for some sort of reputation thereof to have arisen. A stranger in the community, working for a single employer therein for a few months, going about little and forming no associations, cannot be said to have a general reputation for truth, honesty, and integrity therein to which anyone can testify. The cross-examination of both of these witnesses developed precisely this state of facts concerning this defendant and showed conclusively in each case the opinion of the witness was based upon his personal contact with the defendant, who was a stranger in each community and had not lived long enough in either place to have a general or any reputation therein. It may be said in addition that the prosecution in this case made no attack upon the reputation or character of the defendant and that in addition to the presumption which attaches in every case he had the affirmative testimony of one witness to his good reputation. It may be further said in this connection that the defendant took the witness-stand in his own behalf and testified that he was an ex-convict, having served a term in Folsom under an assumed name upon

his plea of guilty of the crime of forgery. It cannot, therefore, be said that the defendant was prejudicially affected by the rulings of the trial court upon the motion to strike out the testimony of these two witnesses, even if such rulings were conceded to be erroneous.

[2] The appellant's next contention is that the trial court was in error in refusing to give without modification the following instruction:

"You are instructed that the information is merely a charge brought against the defendant (and is not evidence in the case) *and such a charge can have no more consideration with you in determining whether or not the defendant is guilty of the offense charged, than if such information had not been filed or charge made; and in your deliberations you are to put this fact out of your minds, and are to accord to the defendant every presumption of innocence in his favor. Even if you find that the defendant did make and forge this check but did not utter, publish and pass said check with the intent then and there and thereby to defraud the particular person named in the information, then and in that event you must acquit the defendant and your verdict must be not guilty.*"

The words in parentheses in the above instruction constituted the modifications made by the court, and the italicized portion thereof was the portion stricken out by the court. The abbreviated instruction as thus modified was given. The appellant contends that he was entitled to the whole instruction without modification or elision. We cannot sustain this contention. The instruction as requested embraced two distinct propositions. As to the first of which the court's modification in parentheses merely made the instruction state more tersely what the defendant had requested more diffusely. As to the second proposition, the portion of the instruction stricken out by the court was not sound in law. The defendant was charged in the information under section 470 of the Penal Code with the making, forging, and uttering of a false check. Either of said acts under said section constituted a crime, and hence the defendant's requested instruction to the jury to acquit the defendant if they should find that he made and forged said check but did not utter the same is unsound in law

and hence was properly stricken from said instruction by the trial court.

[3] The appellant's next contention is that the trial court erred in refusing to give an instruction requested by him wherein he undertook to have the court charge the jury that the information was defective in failing to sufficiently charge the defendant with having made and forged the check in question with intent to defraud. The instruction asked was in substance and effect a demurrer to the information upon the ground of uncertainty. No demurrer was interposed by the defendant upon his arraignment and we think a demurrer upon this ground comes too late when it appears for the first time embodied in an instruction to the jury. Besides we are satisfied from a reading of the information that it is not subject to the criticism which the defendant had aimed at it, and hence that the instruction was properly refused. A similar instruction directed to the same objection to the information was also properly refused by the court.

As to the defendant's other instructions, which the court refused to give, we find that their substance is embodied in the instructions which the court gave to the jury, and for that reason the duplication of instructions already substantially given was properly refused.

Finding no error in this record, the judgment is affirmed.

Tyler, P. J., concurred.