[Civ. No. 4774.  First Appellate District, Division Two.—December 21, 1923.]

In the Matter of the Estate of MARY ELLEN MOORE, Deceased.  ANNA B. MOORE, as Executrix, etc., et al., Appellants, v. HARRY W. LOBB et al., Respondents.

[1] WILLS—CONTEST—EVIDENCE—INSUFFICIENT PROOF OF INTEREST.—In this will contest, in which the contestants claimed an interest in the estate by virtue of the provisions of subdivision 8 of section 1386 of the Civil Code, the proof submitted by contestants was insufficient to show that the community property which the testatrix had received from her predeceased spouse was retained by her and that she was possessed of the same at the time of her death and, therefore, the proof was insufficient on the issue of the interest, on the part of contestants, in the estate.

[2] ID.—CONFLICTING INFERENCES—JUDGMENT.—In a will contest, when conflicting inferences may be drawn from the proof, then there is nothing for the jury, or the trial court sitting without a jury, but mere guesses and conjectures, and upon these no verdict or decision can be founded.

[3] ID.—FAILURE TO OFFER BEST EVIDENCE—PRESUMPTION.—In a will contest, where the contestants offer weaker and less satisfactory evidence than they might have offered on a given issue, the trial court is entitled to presume that the omitted evidence would be unfavorable and, for that reason, was not offered.

APPEAL from a judgment of the Superior Court of Alameda County.  E. C. Robinson, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Robert L. McWilliams for Appellants.

Hadsell, Sweet & Ingalls and Earl Warren for Respondents.

STURTEVANT, J.—This is an appeal by the contestants in a contest of a will where the proceeding was commenced after the will had been admitted to probate.  George A. Moore was married twice.  By his first wife he had several children—George J., Herbert B., Harry T., Mary F., and Jane W.  By his second wife, Mary Ellen, he had no children.

George A. Moore died testate in the year 1916, and by the terms of his will he left his property to his second wife, Mary Ellen. After due proceedings had, she received $16,000, which the record shows was community property. His widow, Mary Ellen, continued to live on until the fourteenth day of August, 1920, when she died testate, leaving her surviving at least one sister, and one nephew residing in Humboldt County. After her death her will was admitted to probate, and the proponent and respondent, Harry W. Lobb, was, on September 2, 1920, appointed, in accordance with the provisions of her will, sole executor thereof. Thereafter this proceeding was commenced, and on March 13, 1922, the second amended petition was filed. Later the respondents interposed a demurrer, the demurrer was overruled, he filed an answer and a trial was had. The trial of the issue, interest in the estate, was had by the trial court sitting without a jury. When that issue was on trial, both parties having submitted their evidence, the trial court decided the issue against the contestants, discharged the jury, and dismissed the proceeding.

The contestants are either the children of the husband of the decedent or the children of a deceased child of the husband. By their contest they claim that their stepmother, Mary Ellen Moore, inserted a residuary clause in her will which was invalid by reason of the undue influence practiced on the decedent by the respondent Harry W. Lobb; that under the alleged invalid clause upward of $80,000 was therefore left undisposed of by will, and that said sum remains to be administered upon as though the decedent had died intestate. [1] In this connection the contestants claim that the decedent had received from her husband's estate $16,000, and that the whole thereof was community property, and that she retained the whole of said sum intact until the date of her death, and that the said sum was included in and covered by the $80,000, which was so left undisposed of by will, and to which the contestants were entitled to assert their claim. All of these facts the contestants conceded in the trial court and now concede that they were bound to prove as showing their interest in the estate. (Civ. Code, sec. 1386, subd. 8.) But, so conceding the burden resting on them, they claim that they made the proof in the trial court, and that the

trial court erred in determining that they had not shown
an interest. The respondents make several replies to the
claim of the appellants, and, as we view this case, it becomes
necessary to consider only one. That reply is that, if we
give to the' evidence received and the evidence not received
its full legal effect, the proof was insufficient on the issue
as to interest, on the part of the contestants, in the estate.

The appellants proved that. Mary Ellen Moore received
from the estate of her deceased husband something over
$16,000, and that the whole was community property. As
stated by the supreme court in the *Estate of Brady,* 171 Cal.
1, on page 5 [151 Pac. 275], "It may also be conceded
that if such community property is by the husband (·the
surviving spouse) so mingled with his other property that
it cannot be traced to its origin as a part of the community
property, subdivision 8 could not be applied." (Parentheses
ours.) To meet that rule and to avoid the consequences
of it the appellants attempted to show that Mrs. Moore
retained the said $16,000, and the rents, issues, and profits
thereof, and was possessed of the same at the time of her
death. However, to prove the fact they did not attempt
to introduce any direct evidence. They attempted to prove
the fact by indirect evidence. Moreover, this evidence in-
cluded two different theories. (1) They attempted to show
that from the date of her husband's death until the date of
her own death that Mrs. Moore suffered no losses and
lived within her income. In following along this line of
proof they called to the stand her nephew, Frank A. Brown,
and examined him as to his knowledge of Mrs. Moore's
affairs. They showed that Mr. Brown was a favorite nephew
of Mrs. Moore and down to 1910 was a member of her
family household; but none of the matters with which we
are concerned in this case occurred before the year 1910.
After that year Mr. Brown occasionally visited his aunt
and occasionally had conversations with her, and it suffices
to state that he did not claim to know nor to testify regard-
ing the many things that may have happened when he was
not by the side of his aunt. ·

(2) Taking up another line of proof, the appellants pro-
duced the inventory filed in the estate of Mary Ellen Moore.
That inventory is a long one, and includes over forty items
of real and personal property. Some of the items, in turn,

consisted of a bunch of bonds or a bunch of stock, and in each bunch there were from ten to forty or even more indentures of similar tenor. Thereupon the appellants undertook to introduce proof as to when each piece of property was acquired and with what moneys it was purchased. It is not necessary to repeat the testimony, but it will suffice to say that the appellants did not so account for investments that could have been made, in whole or in part, consuming the entire $16,000, and, in fact, many times more than the $16,000. Although every certificate of corporate stock was presumably dated when the same was issued to Mary Ellen Moore, the record does not disclose such dates nor any reason why the proof was not made. Although the corporate bonds were presumably purchased from some person, natural or artificial, no attempt was made to introduce evidence to prove the date of the purchase. Although several items were appraised at less than the face value, showing on the face thereof an apparent loss, no evidence was introduced showing the purchase price, and, therefore, whether there was an actual loss, and if so, how much, and whether the loss was incurred by the decedent after she received the moneys from her husband's estate, or before.

During the progress of their case the appellants produced and offered in evidence a book that is marked "Cash." The book purports to cover a period of time from September, 1912, to a part of the year 1918. The respondents objected to the offer, the objection was sustained, and the appellants assign the ruling as erroneous. The writing in the book is conceded to be almost wholly in the handwriting of the decedent. The left-hand page consists almost wholly of items concerning the arrival and departure of and short remarks concerning the servants; the right-hand page purports to state the household expenses and the personal expenses of the decedent. It is minutely itemized. The right-hand page, however, does not purport to state the investments made by the decedent, and the attention of the trial court was not called to a single entry in that behalf. The book does contain some disjointed entries regarding dividends received, but neither party claimed those entries were material in this case. Conceding without deciding that the book should have been received in evidence, it will suffice to remark that the contents of the book were evidence of

no fact except to show that Mary Ellen Moore was most frugal in her habits, and of that fact there was no dispute.

The appellants produced and offered in evidence individual income tax returns for the years 1917 and 1918. The trial court sustained an objection and the ruling is assigned as error. We think it may be conceded that similar papers might be admissible under some circumstances on the trial of such an issue as was involved in the instant case, but the appellants do not point out to us any particular fact contained in any one of the papers that was particularly helpful to either party. The return for the year 1917 showed a total net income of $6,389.53; it further showed that during that year the decedent contributed to charitable organizations fifteen dollars. The return for the year 1918 showed a net income of $2,137.88; it showed no losses *by fire or storm;* it showed contributions in the sum of forty dollars.

Assuming without deciding that the rejected evidence should have been received, and considering all of the evidence which the appellants offered, we think it is clear that the appellants did not offer evidence sufficient to justify the trial court in holding that they had proved an interest in the estate of the deceased. In the first place, if we view all of the evidence mentioned and give it all of the force which it is entitled to, it does not carry the inference that after Mary Ellen Moore received the $16,000 from her husband's estate that she preserved the same in kind, or that she invested the same in any particular security, or reinvested the same in any particular security. It may equally be inferred that she so mingled those moneys with her other properties that they cannot now be traced to their origin as a part of the community property. [2] When such conflicting inferences may be drawn from the proof, then there is nothing for the jury, or the trial court sitting without a jury, but mere guesses and conjectures, and upon these no verdict or decision can be founded. (*Puckhaber v. Southern Pac. Co.*, 132 Cal. 363, 366 [64 Pac. 480].) [3] Moreover, the appellants had before them the itemized inventory of the investments of which the decedent died possessed. They did not show whether a profit or a loss was made on any one. They did not show, if a loss, whether the loss was, in whole or in part, funds received from the estate of the husband. They did not show whether any one

65 Cal. App.—3

of the investments was made, in whole or in part, with the funds received from the estate of the deceased husband. But the appellants contented themselves with introducing weaker and less satisfactory evidence. Under those circumstances the trial court was entitled to presume that the omitted evidence would be unfavorable and, for that reason, was not offered. (*Stedman* v. *Stedman,* 179 Cal. 288, 291 [176 Pac. 437].)

The ruling of the trial court was, in effect, holding that the evidence produced by the appellants did not present to the trial court the inference which the appellants would have had the trial court draw. We cannot say that the trial court erred in so holding.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1924.

All the Justices concurred.