[L. A. No. 16885. In Bank.—January 24, 1939.]

JENNIE E. HAMILTON, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Appellant.

Leo V. Youngworth and J. Harold Decker for Respondent.

HOUSER, J.—The undisputed facts herein appear to be that on a specified date, at about 8:30 o'clock P. M., thereof, on the arrival within its station at the city of Los Angeles of an interurban car that was operated by the defendant, plaintiff alighted therefrom and thereupon, pending the departure from such station of another car which plaintiff intended to use for the purpose of being thereon carried to her proposed destination, went into a waiting room which was located within such station and which was provided by the defendant for the use of its patrons. Plaintiff remained in the waiting room for a space of between 20 and 30 minutes and, although during such time there were "10 or 12 or 15" other persons therein, she "did not observe" any person either enter into or depart from the said waiting room. However, when the car arrived upon which plaintiff had intended to be transported, at the moment when she attempted to leave the waiting room, she slipped upon some oil that lay on the floor immediately in front of the exit door thereof, and thereby was caused to be thrown to the floor; from which fall she sustained the injuries that were the basis of her claim of damages against the defendant, and which form the subject-matter of the instant action. At the conclusion of plaintiff's testimony, both parties rested. From a judgment which was rendered in favor of plaintiff, the defendant has appealed.

On the part of plaintiff no claim is made that preceding the instant when the accident occurred, the defendant had actual notice of the fact that oil lay or ever had lain upon the floor of its waiting room. In such circumstances, the negligence, if any, of the defendant must rest upon the assumed fact that preceding that moment, the oil had lain upon the floor of the waiting room for such a length of time that the defendant was charged with notice of the fact of its said existence and location.

It is not denied that as a matter of protection of the safety of plaintiff, the defendant owed to plaintiff at least a reasonable inspection of its waiting room. As to the question of whether the defendant had given a reasonable inspection of such premises preceding the moment when the accident occurred, it is obvious that, *prima facie,* the length of time that the oil had been upon the floor thereof before

that instant would be practically determinative. For example, if no inspection of the waiting room by the defendant had occurred within 24 hours preceding the accident, in the absence of defensive evidence, it might fairly be concluded by a jury that the defendant had failed in its duty to plaintiff in that regard. On the other hand, had inspection been made within one minute before the occurrence of the accident, it might very reasonably be held that the defendant had not so failed. But approximately what space of time had elapsed between the hour and minute when the oil was deposited upon the floor of the waiting room and the moment when plaintiff slipped on such oil and sustained the injuries of which she complained, does not appear from any direct evidence that was received in that behalf. In that regard, as hereinbefore has been stated, the only direct evidence consisted of testimony that was given by the plaintiff to the effect that although during the 20 or 30 minutes that she had occupied the waiting room, she observed no one who either entered it or left it,—notwithstanding the additional fact that there were ''10 or 12 or 15'' other persons in the waiting room during that time. Of course, it is possible that the oil was upon the floor at the time when plaintiff entered the waiting room and that it so remained until she attempted to leave it,—in which case the question of whether the defendant had performed its legal duty to plaintiff would be a question of fact for determination either by a jury or by the trial court. On the other hand, the bare fact that plaintiff ''did not observe'' any person either enter or leave the waiting room at any time during the 20 or 30 minutes of her stay therein would not constitute very strong or persuasive evidence that neither an inspector of the premises, in the performance of his duties as such, had not visited the waiting room at any given moment during such 20 or 30 minutes, nor that within that period no other person had either entered or departed from the waiting room. Indeed, considering the fact that at 8:30 o'clock P. M., many persons were making use of the waiting room, it is not improbable that during the time that plaintiff was an occupant thereof, several persons either did enter or leave it,—in which event it would have been possible that at any given moment of such time any one of them might have caused the oil to be deposited upon the floor of the waiting room. However, in

order to arrive at the indicated conclusion it would be necessary that one inference be made to depend upon a precedent inference; and, as has been repeatedly ruled, such a course of reasoning is not permitted in the law.

By statutory provision, an inference is defined as "a deduction which (without an express direction of law to that effect) the reason of the jury makes from the facts proved". (Sec. 1958, Code Civ. Proc.) But it is essential that an inference be founded either upon a fact that has been "legally proved", or upon "a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature". (Sec. 1960, Code Civ. Proc.)

In the case of *Thomas* v. *Visalia Electric R. R. Co.*, 169 Cal. 658, 661 [147 Pac. 972], it is declared that "where mandatory presumptions are not exacted, it is the right and duty of the jury to draw such reasonable inferences from the evidence *as may appeal to and satisfy their minds*". (Emphasis added.)

Again, in *Rovegno* v. *San Jose K. of C. Hall Assn.*, 108 Cal. App. 591, 596 [291 Pac. 848], it was said:

"In California inferences in themselves constitute a recognized class of indirect evidence which a court or jury may not disregard. (Code Civ. Proc., secs. 1957, 1958.) Furthermore, 'upon a trial of a case the jury is to find not only the facts but also the inferences from them, if any may properly be drawn . . . When an inference is supported by the evidence, and is not opposed to human experience and reason, it cannot be disturbed by an appellate court'. (10 Cal. Jur. 738.)" See, also, *In re Estate of Moore*, 65 Cal. App. 29 [223 Pac. 73].

It may be confidently declared that, founded upon the evidence, the jury not only is authorized to make any logical and reasonable deduction, but also that the jury is the exclusive judge of the weight and value of the inference that may be drawn by it; furthermore, as corollary thereto, that any attempt on the part of an appellate court to draw an inference of fact constitutes "a usurpation of the province of the trial court". The fact that some inference other than that which has been drawn by a jury may appear to an appellate tribunal to be the more reasonable, affords no suffi-

cient reason for disturbing the inference in question. (10 Cal. Jur., p. 735 et seq.) It also appears to be well-established law that notwithstanding the fact that the evidence upon which the inference is founded is undisputed or without conflict, an appellate court has not the power to draw an inference different from that which the jury has deduced.

In the case of *Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66, 67 [148 Pac. 212], the following language occurs:

"The question of negligence is one of fact for the jury, and the finding of the jury cannot be overturned by this court where the evidence is conflicting or where, although the evidence is without conflict, different inferences may reasonably be drawn from it."

Likewise, in *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 Pac. 42, 26 A. L. R. 123], it was said:

"This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence. . . . "

■ It is clear that the duty of establishing the existence of facts sufficient to create a liability in the defendant rested on plaintiff. Accordingly, she was obligated to prove a negative, to wit, that the defendant had given no reasonable inspection to the waiting room.

Such being the law, it remains to be considered whether the implied inference which was drawn by the trial court to the effect that prior to the happening of the accident the defendant had made no reasonable inspection of its said premises is sufficiently supported by the unquestioned fact that, during a space of time which was between 20 and 30 minutes, plaintiff "did not observe" that any person either entered into or departed from the waiting room.

In the case of *Russell* v. *McDowell*, 83 Cal. 70, 81 [23 Pac. 183], it is said that:

"Moreover, it is to be considered that the contestant was assuming the difficult task of proving a negative, i. e., the want of qualification of a large number of voters, and the

doctrine is well established that slight proofs make out a prima facie case where a negative is to be proved. In all such cases rebuttal is comparatively easy, and is consequently of imperative obligation. Here no proof in rebuttal was offered, and the evidence for contestant stands absolutely uncontradicted."

See, also, *Parsons* v. *Weis*, 144 Cal. 410, 420 [77 Pac. 1007]; *Owens* v. *Carmichael's U-Drive Autos, Inc.*, 116 Cal. App. 348 [2 Pac. (2d) 580]; *People* v. *Macbeth*, 104 Cal. App. 690 [286 Pac. 448].

In the face of positive evidence to the effect that a signal of warning was given of the approach of a car with which an automobile collided, it has been held that negative evidence by passengers in the automobile to the effect that they heard no such signal was sufficient to sustain a finding of fact by the jury that no warning was given. (*Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748 [134 Pac. 709].)

To like effect see: *Hunt* v. *Los Angeles Ry. Corp.*, 110 Cal. App. 456 [294 Pac. 745]; *Takahashi* v. *White Truck etc. Co.*, 15 Cal. App. (2d) 107 [59 Pac. (2d) 161]. In the case of *Lahey* v. *Southern Pac. Co.*, 16 Cal. App. (2d) 652, 661 [61 Pac. (2d) 461], it was said:

"The negative testimony or testimony of witnesses that they did not hear the ringing of a bell or the sounding of a whistle is admissible and sufficient to support a verdict of the jury as to the nongiving of signals. We need only to cite the following cases without quoting therefrom: *Jones* v. *Southern Pacific Ry. Co.*, 74 Cal. App. 10 [239 Pac. 429]; *Switzler* v. *Atchison, T. & S. F. Ry. Co.*, 104 Cal. App. 138 [285 Pac. 918]."

Analogously, where the issue of the reputation of a party litigant is involved, it has been ruled that testimony by a witness to the effect that, although favorably situated with reference thereto, he has never heard the reputation of the person in question discussed, affords cogent evidence that his reputation is good. (*People* v. *Pauli*, 58 Cal. App. 594 [209 Pac. 88]; *People* v. *Adams*, 137 Cal. 580 [70 Pac. 662]; *People* v. *Stennett*, 51 Cal. App. 370 [197 Pac. 372].)

From a consideration of the foregoing, it would seem well established not only that plaintiff had offered sufficient evidence to sustain a judgment in her favor, but also that it was within the province and the power of the trial court to draw

therefrom the inference that the defendant had not performed its duty in giving a reasonable inspection to the premises in question.

It follows that the judgment should be, and it is, affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., Waste, C. J., and Edmonds, J., concurred.

Rehearing denied.