[Civ. No. 12758.   Second Appellate District, Division Two.—December 31, 1940.]

SAMUEL BENNETT et al., Appellants, v. WILLIAM I. STEIN et al., Respondents.

Harry B. Ellison for Appellants.

C. F. Jorz for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover damages for the wrongful death of plaintiffs' minor son, plaintiffs appeal.

Viewing the evidence most favorable to the defendants (respondents), the essential facts are:

January 10, 1939, defendant William I. Stein, with the knowledge and consent of his father Charles S. Stein, was

driving an automobile at about twenty miles per hour in a westerly direction on Elevado Street in the city of Beverly Hills. He looked in the direction in which his automobile was travelling and observed that there was neither vehicular traffic nor any pedestrians in front of him for several blocks. He then observed several of his friends on the south side of the street. He looked at them, looked ahead of him again, saw that the street was clear, and glanced at his friends a second time. The minor child of plaintiffs', as defendant Stein looked to the left the second time, skated down a private driveway and into the street directly in front of the automobile which said defendant was operating, with the result that the car struck the child, causing him injuries from which he subsequently died.

This is the sole question necessary for us to determine:

*Was there substantial evidence to sustain the trial court's finding that defendant William I. Stein (and necessarily his codefendant) did not operate the car which he was driving in a negligent manner, and thus cause the unfortunate accident?*

██ This question must be answered in the affirmative. The law is established in California that, when from the evidence either of two inferences reasonably may be drawn, the one accepted by the trial court to support a finding of fact will not be disturbed by an appellate court (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal. (2d) 598, 602 [86 Pac. (2d) 829]). Applying this rule to the facts of the instant case, it is evident that the trial court believed that the unfortunate accident resulted without negligence upon the part of defendant William I. Stein, and that in operating the automobile he did so as a reasonably prudent man under similar circumstances would have done.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.