[Civ. No. 14304. First Dist., Div. Two. July 10, 1950.]

DEPARTMENT OF SOCIAL WELFARE, etc., Respondent, v. ELMER L. MACHADO, as Administrator, etc., Appellant.

John A. Murphy for Appellant.

Fred N. Howser, Attorney General, and William J. Power, Deputy Attorney General, for Respondent.

DOOLING, J.—Respondent, Department of Social Welfare, recovered judgment against the estate of Edwin C. Coram, deceased, for $2,641. This amount had been paid to Coram between July 1, 1942 and April 30, 1947, as an old age pension. ▇ Coram died at the age of 81 years in October, 1947. He had lived alone for many years at Moss Landing and in April, 1947, he was found unconscious on the highway and taken to the Monterey County Hospital. There $944 was found sewed into his clothes. He was declared incompetent and a guardian of his person and estate appointed on June 14, 1947.

The trial court found that he had fraudulently represented that he was entitled to the old age pension by misrepresenting his assets and ordered judgment accordingly. Under Welfare and Institutions Code, section 2223.5, ''a person who has received aid in good faith, honestly believing himself to be entitled thereto, but who is found to have possessed property in excess of the amount allowed under the provisions of this chapter, shall be considered to have been ineligible for aid only during the period for which the excess property, if it had been applied to his support at the rate of the aid granted him, would have supported him. In such case the recipient shall repay only the aid he received during such period of ineligibility.''

Since $600 was the limit of property which an aged person might own and be entitled to the old age pension (Welf. & Inst. Code, § 2163) appellant claims that the limit of the judgment should be the difference between $600 and $944, or $344. (Board of Soc. Welfare v. County of Los Angeles, 27 Cal.2d 90 [165 P.2d 635].) This depends upon appellant's claim that there is no evidence that decedent did not act in good faith in receiving his pension.   ·

▇ There is evidence that decedent did not work and had

no known source of income except his old age relief from a time before 1942; that in 1921 he had a bank deposit of about $5,000 in a San Francisco bank from which he made withdrawals of about $150 to $200 every month until it was exhausted in January, 1940; and that he had deposited $375 in a Watsonville bank in 1940 from which he made various withdrawals until it was closed out in February, 1942. It was a reasonable inference from these facts that the source of the $944 found sewed in his clothes was these bank deposits. Appellant suggests that the proper inference is that decedent saved this amount from his old age pension. It is for the trial court to draw the inference and even where two inferences from the facts are equally reasonable, the inference drawn by the court cannot be disturbed on appeal. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123]; *Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 603 [86 P.2d 829]; *Webster* v. *Board of Dental Examiners*, 17 Cal.2d 534, 539-540 [110 P.2d 992].)

It does not follow, as appellant contends, that because decedent was incompetent from the time of his collapse in April, 1947, he was incompetent before, and neighbors testified that, while growing increasingly feeble, blind and deaf, he was capable of understanding up to that date. Fraud may be inferred from circumstantial evidence (*McNulty* v. *Copp*, 91 Cal.App.2d 484, 490 [205 P.2d 438]) and the evidence supports the inference that decedent, knowing that he had cash in excess of $600, represented that he did not possess that amount. The clear and convincing evidence rule is for the guidance of the trial court, and on appeal a finding of fraud is supported if there is any substantial evidence from which the inference of bad faith may reasonably be drawn. (*Viner* v. *Untrecht*, 26 Cal.2d 261, 267 [158 P.2d 3]; *Stromerson* v. *Averill*, 22 Cal.2d 808, 815 [141 P.2d 732].)

The trial court filed a memorandum order for judgment which recited: "The court finds that the defendant sustained the burden of proof that the decedent, Edwin D. Coram, received aid in good faith honestly believing he was entitled thereto . . ." The findings of fact later signed were to the contrary. The findings must prevail over the memorandum. Until the findings are signed and filed no judicial action has been taken, and the judge is free to reconsider his evaluation of the evidence. For this reason the formal findings cannot be impeached by the memorandum previously filed. (*Strudthoff* v. *Yates*, 28 Cal.2d 602, 615-616 [170 P.2d 873].)

In September, 1947, an amount in excess of $14,000 was received by decedent from the estate of a deceased brother. This was several months after the last payment of old age relief to decedent and under Welfare & Institutions Code, section 2163.1 the receipt of this money has no bearing on the case, although it does operate to make the judgment collectible in full.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.