### Appellate Department, Superior Court, Kern

[Civ. A. No. 7.   Apr. 23, 1953.]

HOWARD E. BURNETT, Appellant, v. GERARD F. REYES et al., Respondents.

J. R. Lamoreaux for Appellant.

Fred Fischer and Vincent P. DiGiorgio for Respondents.

LAMBERT, P. J.—In this case the appellant brought an action against the above-named defendants, respondents here, seeking to recover damages to his automobile caused by running into a cow which had strayed on United States Highway 399 in Kern County. The complaint was cast in two counts: the first count alleged negligence in all of the defendants except Brown and Smith in that they negligently maintained two head of cattle and permitted them to stray on the highway; the second count alleged that Brown and Smith had been negligent in burning a fence enclosing the pasture in which the cattle were kept and allowing them to escape from pasture and wander unattended upon said highway. The defendants denied negligence and also pleaded contributory negligence on the part of plaintiff. While it is not material here the first group of defendants cross-complained against the second group of defendants. The decision was against the plaintiff and in favor of all the defendants.

It may be worth-while to state a few of the fundamental rules which govern this court in passing on appeals brought here. In the first place in this case findings of fact were waived (Code Civ. Proc., § 632), and though the exact basis upon which the case was decided for the defendants does not appear in the record adequate proof under any theory would be sufficient as it must be assumed when findings are waived that all issues are resolved by the trial court in favor of respondent. (*U Drive & Tour, Ltd.* v. *System Auto Parks*, 28 Cal.App.2d Supp. 782 [71 P.2d 354].)

The consideration of an appeal from the municipal court by the appellate department of the superior court is governed by exactly the same rules that control appeals from the superior court to the Supreme Court and the District Court of Appeal. The appellate court has no power to weigh conflicting evidence to determine the credibility of the witnesses or decide upon which side the evidence preponderates. It is also elementary that evidence in such circumstances must be viewed in the light most favorable to the respondent, and the respondent is entitled to the benefit of all reasonable inferences in his favor (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598 [86 P.2d 829]).     It is not necessary to recite any of the evidence. We have read the record and of course the burden was upon the plaintiff to prove his case by preponderance of the evidence, and the burden was upon the defendants to prove contributory negligence by preponderance of the evidence—and preponderance of the evidence means that the greater probability lies in favor of the decision. Section 423 of the Agricultural Code provides among other things, "In any civil action brought by the owner, driver or occupant of a motor vehicle, or by their personal representatives or assignees, or by the owner of live stock, for damages caused by collision between any motor vehicle and any domestic animal or animals on a highway, there is no presumption or inference that such collision was due to negligence on behalf of the owner or the person in possession of such live stock. (Enacted 1933; Amended by Stats 1935, ch 265, § 1, p 951)." Therefore, the burden was upon the plaintiff to prove his case and he also had to prove it without the benefit of any inference of negligence, and if the evidence, contradicted or uncontradicted, supports the judgment, the judgment must be affirmed.

This court has no way of knowing whether the trial court thought the defendants had used ordinary care to prevent the cattle from straying on the highway or whether the plaintiff himself was guilty of negligence which contributed to the collision and, of course, bars his recovery.

This brings us to the point where the appellant claims there is some confusion in the evidence as to the condition of the weather at the time the collision happened. We have been unable to find any confusion in it, and nothing but a conflict; but if there was any confusion in it it was a matter for the trial court to determine, and not this court.

Counsel makes a request that under and pursuant to

section 956a, Code of Civil Procedure, this court take some evidence on this question. Section 956a of the Code of Civil Procedure by any stretch of interpretation was never intended to cover a case like this. Assuming that additional evidence could be introduced it would only widen the conflict and as before stated, this court cannot resolve conflicts in favor of the appellant. Furthermore the question of contributory negligence does not necessarily depend upon the state of the weather. The leading case on this subject is *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970], and in the late case of *Helmer* v. *Helmer*, 87 Cal.App.2d 682 at 688 [197 P.2d 558], we find this statement, "An appellate court is not authorized under section 956a of the Code of Civil Procedure to pass upon the credibility of a witness who testified at the trial." The request to take evidence in this court is denied. And in *Webster* v. *Board of Dental Examiners*, 17 Cal.2d 534 at 539 [110 P.2d 992], the Supreme Court said, "It should be observed here that this is an appeal from a judgment of the Superior Court denying relief to the appellant, and upon familiar principles this court need inquire only whether there was evidence of a substantial nature to support the judgment of the court below." And also, "Similarly, where reasonable minds might differ on the inferences to be drawn from a particular set of facts, the appellate court will not substitute its own conclusions for those reached by the trial court. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 603 [86 P.2d 829]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123]; *Hughes* v. *Quackenbush*, 1 Cal. App.2d 349, 354 [37 P.2d 99]; *Hales* v. *Snowden*, 19 Cal. App.2d 366, 372 [65 P.2d 847])." In the *Estate of Bristol*, 23 Cal.2d 221 at 223 [143 P.2d 689], the rule as to substantial evidence is stated by the Supreme Court through Justice Schauer as follows: "The rule as to our province is: 'In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' (Italics added.)

882

(*Crawford* v. *Southern Pac. Co.* (1935), 3 Cal.2d 427, 429 [45 P.2d 183].) The rule quoted is as applicable in reviewing the findings of a judge as it is when considering a jury's verdict. The critical word in the definition is '*substantial*'; it is a door which can lead as readily to abuse as to practical or enlightened justice. It is common knowledge among judges and lawyers that many cases are determined to the entire satisfaction of trial judges or juries, on their factual issues, by evidence which is overwhelming in its persuasiveness but which may appear relatively unsubstantial—if it can be reflected at all—in a phonographic record. Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; and in searching the record and exploring the inferences which may arise from what is found there, to discover whether such doubt or conflict exists, the court should be realistic and practical.'' In the case of *Helmer* v. *Helmer*, cited above, we find this significant statement made when affirming the judgment: ''From the testimony produced, as reflected by the cold record, we might hesitate in making the finding indicated by the trial court. However, we are not the trial judge. Our provinces are separate and distinct. He was the trier of fact and was otherwise impressed. It cannot be said that his finding lacks evidentiary support.''

We do not go that far here, but we might with propriety say that if the judge had decided the case in favor of the plaintiff on the first cause of action and the defendants had appealed we would likewise affirm the judgment.

It is therefore ordered that judgment be and it is hereby affirmed.

Bradshaw, J., and Main, J., concurred.