Filed 6/5/25  N.Z. v. D.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| N.Z., | |
| Plaintiff and Respondent, | C099317 |
| v. | (Super. Ct. No. 19FL05234) |
| D.M., | |
| Defendant and Appellant. | |

N.Z. (mother) filed a request to renew a domestic violence restraining order against D.M. (father).  At the conclusion of an evidentiary hearing, the trial court orally announced its decision to renew the restraining order.  It subsequently filed a written order.

Father now contends the trial court abused its discretion by making inconsistent factual findings.  Because the record does not support the contention, we will affirm the trial court's order.

## BACKGROUND

Father and mother were in a romantic relationship until December 2019. On February 28, 2020, the trial court issued a three-year domestic violence restraining order prohibiting father from, among other things, harassing and surveilling mother. Two months before the expiration of the initial restraining order, mother filed a request to renew the restraining order under Family Code section 6345. Father objected to the renewal request.

The trial court held an evidentiary hearing on June 8 and 9, 2023. As relevant to the contention on appeal, father admitted that Global Positioning System (GPS) devices were routinely installed on cars from his used-car dealership, that mother had been loaned a Toyota Camry from his dealership, and that the Camry had a GPS device installed. However, he denied accessing the Camry's GPS information.

At the conclusion of the evidentiary hearing, the trial court orally announced its decision. Among other things, it noted the evidence that father knew all the cars at his dealership had GPS devices installed and that mother had received a loaner car from the dealership. It further noted that the restraining order directed that mother was not to be surveilled. The trial court said it was not making a finding as to who was tracking or reviewing the GPS information. But it concluded mother had proven her case by a preponderance of the evidence, and it granted her request to renew the restraining order.

The court filed a written order on June 22, 2023. In the written order, the trial court found that father had engaged in surveillance, stalking, harassment, and coercive control, and had disturbed the peace of mother. The written order incorporated the portion of the reporter's transcript in which the trial court granted mother's renewal request.

## DISCUSSION

The question presented by a renewal request is whether a reasonable person in the petitioner's circumstances would fear future abuse if the original order were

2

to expire.  (*G.G. v. G.S.* (2024) 102 Cal.App.5th 413, 421; *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290-1292.)  Although a showing of further abuse is not necessary, evidence of abuse or violation of the initial restraining order can support a finding of reasonable fear.  (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 515-516; *Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 875-877; *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 334-335; see Fam. Code, §§ 6203, 6320, subds. (a), (c).)

Father does not challenge the trial court's finding that mother met her burden of showing fear of future harassment.  Rather, he contends the trial court abused its discretion by making inconsistent factual findings.  Specifically, he argues the finding in the trial court's written order that he engaged in surveillance is inconsistent with the trial court's oral statement at the hearing that it was not making a finding as to who was tracking or reviewing the GPS information.

The record does not support father's contention.  There is no inconsistent factual finding because the trial court did not make a finding at the hearing relevant to the challenge in this appeal.  It was within the trial court's authority to make its finding later in its written order.  (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 647 [an oral expression cannot restrict the judge's power to declare his or her final findings of fact and conclusions of law]; *Kennedy v. Byrum* (1962) 201 Cal.App.2d 474, 481; *Birch v. Mahaney* (1955) 137 Cal.App.2d 584, 588 ["the remarks made by a trial judge during a trial or argument, or even an opinion filed by him [or her], cannot be used to impeach a formal decision, order or judgment later made or entered]; *Department of Social Welfare of Cal. v. Machado* (1950) 98 Cal.App.2d 364, 366 [findings of fact later signed by the trial court prevail over a prior memorandum order for judgment.)  As stated in *Diaz v. Shultz* (1947) 81 Cal.App.2d 328, " 'it is the legitimate privilege of a trial court, at the conclusion of an argument . . . to state his views concerning the case, and then, upon fuller and maturer deliberation, come to the conclusion that a different order should be made, and then

3

to enter the same.  When the cause is brought to an appellate court, argument as to what the trial court may have thought, as given utterance by the words used before final action is taken, cannot be considered unless directly in line with the subsequent orders made. . . .' [¶] . . . [T]he deliberations of courts are conclusively merged in their final orders, decisions and judgments . . . ."  (*Id.* at pp. 332-333.)

DISPOSITION

The order renewing the domestic violence restraining order is affirmed.  Respondent shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


_____/S/_____
MAURO, Acting P. J.



We concur:



_____/S/_____
DUARTE, J.



_____/S/_____
KRAUSE, J.