[Crim. No. 742. Third Appellate District.—May 23, 1924.]

THE PEOPLE, Respondent, v. R. M. LUCAS, etc., Appellant.

[1] CRIMINAL LAW—FORGERY AS DEFINED BY SECTION 470, PENAL CODE —OF WHAT IT MAY CONSIST.—The crime of forgery, as defined in section 470 of the Penal Code, may consist of either of two different kinds of acts; the making of a false instrument, and the passing of an instrument known to be false.

[2] ID.—AMENDMENT OF 1905 TO SECTION 470, PENAL CODE—APPARENT PURPOSE OF.—Section 470 of the Penal Code was amended in 1905, and apparently for the purpose of making it sufficiently broad to cover the making of a fictitious check, as well as forged checks.

[3] ID.—FORGERY—PROSECUTIONS FOR.—A prosecution for forgery for making a fictitious check may be had under either sections 470 or 476 of the Penal Code.

[4] ID.—MAKING AND PASSING FICTITIOUS CHECK—VERDICT—EVIDENCE —SUFFICIENCY OF.—In this prosecution for forgery under section 470 of the Penal Code charging the defendant not alone with making a false check, but also with passing a false check, the evidence was sufficient to support the verdict of guilty.

[5] ID.—FRAUD—INTENT—EVIDENCE.—Upon a charge of forgery, and indeed upon all the charges of this kind, fraud is the essential element that must be laid at the door of the accused, and it is necessary to prove the intent with which a false check is passed.

[6] ID.—INTENT—EVIDENCE OF OTHER CRIMES—ADMISSIBILITY OF.—In such a prosecution, evidence of like crimes, especially when associated with the crime charged, or at or about the same time, is admissible to prove intent.

---

(1) 26 C. J., p. 897, sec. 3.     (2) 26 C. J., p. 914, sec. 34.     (3) 26 C. J., p. 914, sec. 34.     (4) 26 C. J., p. 971; sec. 137.     (5) 26 C. J., p. 904, sec. 17, p. 961, sec. 119.     (6) 26 C. J., p. 967, sec. 128.

---

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

---

1. See 12 Cal. Jur. 648; 12 R. C. L. 139, 140.
3. See 12 Cal. Jur. 653, 670.
4. See 12 Cal. Jur. 665.
5. See 12 Cal. Jur. 656; 12 R. C. L. 142.
6. Evidence of other crimes in prosecution for forgery, notes, 9 Ann. Cas. 456; Ann. Cas. 1912C, 91; 63 L. R. A. 193; 43 L. R. A. (N. S.) 754. See, also, 12 Cal. Jur. 664; 12 R. C. L. 167.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—Appellant having been prosecuted and convicted in the superior court of Sacramento County upon an information charging him with the crime of forgery, presents to this court his claims that there was error in the trial court on the part of the prosecution and in the following particulars, to wit: First, that the evidence was insufficient to support the verdict, and, secondly, that the court erred in permitting the introduction of evidence of other crimes.

1. The information upon which the defendant was tried charged the defendant with the crime of forgery, in language as follows: That he "did then and there wilfully, unlawfully, feloniously, knowingly, falsely and fraudulently with the intent to prejudice damage and injure one H. E. Reedy, make, alter, forge and counterfeit a certain instrument in writing in the words and figures following, to wit:

" 'Sacramento, Calif., July 5th, 1923, No. 71
" 'Fifth and J Street Branch.
" '90–31
" 'United Bank and Trust Company —— of California.
12
" 'Pay to the order of R. N. Lucas $24.50 Twenty-four and 50/100 Dollars.   For Labor.
" 'L. B. WILSON.'

" 'And he, the said R. N. Lucas true name John Chandler then and there well knowing the same to be false, altered, forged and counterfeited did then and there to wit: on the 5th day of July, 1923, at the City of Sacramento, County of Sacramento, State of California, wilfully, unlawfully, feloniously and fraudulently and with intent to prejudice damage and defraud the said H. E. Reedy, utter, publish and pass the same as genuine and true to the said H. E. Reedy."

Section 470 of the Penal Code, in so far as it is here applicable, provides as follows: "Every person who, with intent to defraud, signs the name of another person, or of

a fictitious person, knowing that he has not authority so to do, to, or falsely makes, alters, forges, or counterfeits any . . . check, . . . or utters, publishes, passes or attempts to pass, as true and genuine any . . . (check) knowing the same to be false, altered, forged or conterfeited, with intent to prejudice, damage or defraud any person, . . . is guilty of forgery.''

[1] It will thus be seen that the crime of forgery, as defined in said section, may consist of either of two different kinds of acts: the making of a false instrument, and the passing of an instrument known to be false.

It is plain that the testimony herein presents a clear case under section 476 of the Penal Code. Why the prosecution was had under section 470 instead of under 476 need not, however, concern us. The testimony taken at the preliminary examination may have left the matter in some doubt. [2] Section 470 of the Penal Code was amended in 1905, and apparently for the purpose of making it sufficiently broad to cover the making of a fictitious check, as well as forged checks.

In *People* v. *Bernard,* 21 Cal. App. 56 [130 Pac. 1063], the defendant was prosecuted for the identical offense as here charged, and the proof was substantially as here produced, and upon appeal a like objection was made. [3] That case is authority for the right to prosecute under either section 470 or 476 of the Penal Code. A portion of that decision is as follows: ''Appellant claims that the court erred, for the reason, as he claims, that a prosecution for making a fictitious check should be under section 476 of the Penal Code, and not under section 470, under which this case was prosecuted, citing in support thereof *People* v. *Elliott,* 90 Cal. 486 [27 Pac. 433], and *People* v. *Eppinger,* 105 Cal. 36 [38 Pac. 538]. Since those cases were decided, however, section 470 has been amended to avoid the rule laid down in those cases and so as to cover the case made by the proof in this action, and covered by the instruction given ·by the court and now challenged by appellant. (Stats. 1905, p. 673.)''

Prosecutions were being had before the 1905 amendment, and many cases failed solely because upon an information charging forgery a defendant would cause it to appear that the check was a fictitious check, and thus thwart the prosecution. In 12 Cal. Jur., section 7, it is laid down that a

prosecution for forgery, where it is accomplished by passing a fictitious check, may be had under either sections 470 or 476 of the Penal Code, since said amendment of 1905.

It may be pertinent to here remark that no demurrer or other motion was made challenging the information.

[4] It will be seen that the defendant was charged, not alone with making a false check, but was by other language charged with passing a false check. Had defendant by demurrer objected to the information on the ground that he had a right to be advised of what the falsity consisted, he would have some standing, but the information was unchallenged. The evidence fully sustained that part of the charge.

[5] 2. Upon a charge of forgery, and indeed upon all the charges of this kind, fraud is the essential element that must be laid at the door of the accused. Fraud, by its nature, is generally conceived in secret. To practice it of very necessity requires secrecy. Hence, the intent with which a false check is passed becomes necessary to be proved. [6] A long line of authorities sustains the introduction of evidence of like crimes, especially when associated with the crime charged, or at or about the same time, to prove intent. Evidence of this second offense was in the instant case specially limited to that issue. See the cases cited in section 14 under the title of Forgery, volume 12, Cal. Jur. 664. Also, see sections 309 and 315, Wigmore on Evidence, second edition. To sustain the text Wigmore, as usual, collects and clearly distinguishes the cases on this proposition.

The proof here showed the giving of a false check, in payment of room rent, and that the defendant took back a balance in change, over and above the amount of the false check. The other offense, offered to prove intent, showed a payment of a like fraudulent check for board at a restaurant for a week in advance, and the taking back of a similar amount, as change. Both transactions were alike.

The record does not disclose any testimony either in denial of the main testimony or as to that of the similar offense. There being no substantial error in the record it is ordered that the judgment and the order be affirmed.

Plummer, J., and Finch, P. J., concurred.