[Crim. No. 1356.    First Appellate District, Division Two.—December 7, 1926.]

## THE PEOPLE, Respondent, v. FRANK S. CARMONA, Jr., Appellant.

[1] CRIMINAL LAW — PLEADING — LANGUAGE OF STATUTE—PARTICULAR CIRCUMSTANCES.—Under our system of pleading in criminal cases an offense may be charged in the language of the statute, but where particular circumstances of an offense are necessary to constitute a complete offense, they should be stated and averred, and a failure to do so will vitiate the information or indictment.

[2] ID.—FICTITIOUS CHECK—CODE SECTIONS ACTIONABLE.—Since the amendment of 1905 to section 470 of the Penal Code, the making and passing of a fictitious instrument may be prosecuted either under section 470 or section 476 of the Penal Code.

[3] ID.—FICTITIOUS CHECK — PUBLICATION AS TRUE AND GENUINE — PLEADING.—When an information charges the defendant with

1.  See 14 Cal. Jur. 51; 14 R. C. L. 187.
2.  See 12 Cal. Jur. 672.

making, passing, uttering and publishing a "fictitious" check, knowing it to be fictitious, this obviates the necessity of also informing the defendant that he made, uttered, passed and published the same as true and genuine.

[4] ID.—FORGERY OF CHECK—FICTITIOUS DRAWER—PLEADING.—Where a defendant is charged under section 470 of the Penal Code with forging the name of a real person to a check, and with having passed and published the same, it is necessary to also allege that he passed and published the same as the true and genuine check of the person whose name was signed to it, in order to constitute a complete offense of forgery; but where an information or indictment is laid under section 470 or section 476 of the Penal Code and is founded upon a check bearing the name of an imaginary or fictitious person, the essential elements to be alleged are the uttering and publishing of such check, knowing the same to be fictitious, etc.

[5] ID. — SUFFICIENCY OF PLEADING — COMPLIANCE WITH CODE. —All that is required to conform to sections 950, 951, and 952 of the Penal Code is that the information be sufficient to enable the defendant, or any person of common understanding, to know what was intended, and to set forth the acts charged with such degree of certainty as to enable the court to pronounce judgment upon conviction.

[6] ID. — ARTIFICE OR TRICK USED — PLEADING. — In a prosecution for the crime denounced by section 476 of the Penal Code, the information sufficiently sets forth the particulars showing what the artifice, trick, scheme, or deception was that defendant used to acquire the property of the bank, where it is alleged that the trick or scheme used was the uttering of a fictitious check purporting to be the check for payment of money of a designated person, whereas, in truth and in fact, there was no such person in existence.

[7] ID.—NONEXISTENCE OF DRAWER—EVIDENCE—PRIMA FACIE PROOF. In such prosecution, testimony of the chief clerk of the bank upon which the fictitious check was drawn that he was familiar with the accounts of the bank, that he looked particularly for the account of the person designated as drawer of the check and did not find any such account, and that he can state positively that there were no accounts under said designated name, constituted *prima facie* evidence of the nonexistence of the drawer of said check.

[8] ID.—PRIMA FACIE—ENGLISH LANGUAGE—CONSTITUTIONAL LAW.— The words "*prima facie*" have, by long usage, become a part of

the English language, and their meaning is readily understood by a person of common understanding; and the use of those words in an instruction is not a violation of article IV, section 24 of the state constitution.

[9] ID.—PRIMA FACIE EVIDENCE—CONSTITUTIONAL LAW.—In a prosecution for the crime denounced by section 476 of the Penal Code, an instruction "that in a case where a check is drawn upon some bank, banker, or depository for money, purporting to be signed by an individual, evidence that no such person as the one whose name purports to be signed to such check had an account with said bank, banker or depository for the payment of money at the time of making, drawing or uttering of such check is *prima facie* evidence of the fictitious character of the check," is correct in law and proper in form and does not invade the province of the jury.

---

(1) 25 C. J., p. 622, n. 74, 76, 77; 31 C. J., p. 708, n. 29, p. 710, n. 35.   (2) 25 C. J., p. 613, n. 57, 58 New; 26 C. J., p. 899, n. 47. (3) 25 C. J., p. 628, n. 39 New, p. 1086, n. 81.   (4) 25 C. J., p. 636, n. 24; 26 C. J., p. 953, n. 62.   (5) 31 C. J., p. 661, n. 95, p. 662, n. 2.   (6) 25 C. J., p. 618, n. 47.   (7) 25 C. J., p. 651, n. 47.   (8) 16 C. J., p. 1031, n. 91 New; 31 Cyc., p. 1172, n. 34.   (9) 25 C. J., p. 644, n. 3, p. 655, n. 92, 3.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo R. Friedman for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

PRESTON, P. J., *pro tem.*—Defendant was tried and convicted upon an information filed by the district attorney of Alameda County, charging a violation of section 476 of the Penal Code.

From the judgment following the verdict of guilty, and from the order denying his motion for a new trial, the defendant has appealed.

The information is in the language of the statute, and the charging part thereof is as follows:

80 Cal. App.—11

"Frank S. Carmona, Jr., *alias* Leo T. Levin, is accused by the District Attorney of the County of Alameda by this information of the crime of felony, to-wit, a violation of Section 476 of the Penal Code of the State of California, to-wit, making, passing, uttering and publishing a fictitious check with intent to defraud, committed as follows: The said Frank S. Carmona, Jr., *alias* Leo T. Levin, prior to the time of filing this information, and on or about the 20th day of August, A. D. nineteen hundred and twenty-five, at the said County of Alameda, State of California, did then and there wilfully, unlawfully, knowingly, fraudulently, feloniously and with intent to defraud the Farmers and Merchants Savings Bank, a banking corporation duly organized and existing under and by virtue of the laws of the State of California, make, pass, utter and publish to the said Farmers and Merchants Savings Bank a certain fictitious check purporting to be the check for the payment of money of Edward J. Caswell, which said fictitious check was and is in the words and figures as follows, to-wit:—

" '90–1–12            The Oakland Bank            90–1· ˙2
" 'Established 1867   No. 632
" 'Oakland, Calif., August 19, 1925.
Pay to the order of Leo T. Levin..........$497.50
Four Hundred Ninety-seven and 50/100....Dollars
Levin Note in full
" 'Edward J. Caswell'

"Whereas, in truth and in fact there was then and there no such bank, corporation, co-partnership, person or individual as Edward J. Caswell in existence at the time said Frank S. Carmona, Jr., *alias* Leo T. Levin, so made, passed, uttered and published said fictitious check as aforesaid, and as the said Frank S. Carmona, Jr., *alias* Leo T. Levin, then and there well knew, and the said Frank S. Carmona, Jr., *alias* Leo T. Levin at the time he made, passed, uttered and published said check as aforesaid well knew that the same was fictitious."

The defendant demurred generally and specially to this information and the demurrer was disallowed by the trial court. Defendant challenged the sufficiency of the information on various grounds; among others, that it did not state a public offense and that it did not substantially conform to

the requirements of section 950, 951, and 952 of the Penal Code of the State of California, in that it did not contain a statement of the acts constituting any offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.

[1] It is well settled under our system of pleading in criminal cases that an offense may be charged in the language of the statute, but where particular circumstances of an offense are necessary to constitute a complete offense, they should be stated and averred, and a failure to do so will vitiate the information or indictment. (*People* v. *Neil,* 91 Cal. 465 [27 Pac. 760]; *People* v. *Perales,* 141 Cal. 581 [75 Pac. 170]; *People* v. *Earl,* 19 Cal. App. 69 [124 Pac. 887].)

The point relied upon in support of the general demurrer is that the information failed to allege that the check in question was uttered, published and passed to the Farmers and Merchants Savings Bank as *true and genuine.*

[2] Since the amendment of 1905 (Stats. 1905, p. 673) to section 470 of the Penal Code, the making and passing of a fictitious instrument may be prosecuted either under section 470 or section 476 of the Penal Code. (*People* v. *Bernard,* 21 Cal. App. 56 [130 Pac. 1063]; *People* v. *Lucas,* 67 Cal. App. 452 [227 Pac. 709]; 12 Cal. Jur. 654, 655.) Prior to 1905, section 470 was primarily a forgery and counterfeiting statute, and did not contain the words ''signing of the name of a fictitious person,'' and prosecutions were had under that section and many cases failed solely because upon an information charging forgery, a defendant would cause it to appear that the check was fictitious and thereby defeat the ends of justice, and the legislature, to correct this evil, amended section 470 as indicated, so that a prosecution for forgery, where it is accomplished by passing a fictitious check, may now be had under either section 470 or section 476 of the Penal Code. This amendment applies only to the ''signing of the name of a fictitious person,'' with intent to defraud, etc., and did not affect section 476. (*People* v. *Harben,* 5 Cal. App. 35 [91 Pac. 398].)

[3] It will be noted that the information here charges the defendant with making, passing, uttering, and publishing a *fictitious* check, with intent to defraud. The information further alleges that the defendant wilfully, unlaw-

fully, knowingly, fraudulently, feloniously, and with intent to defraud the Farmers and Merchants Savings Bank, did make, pass, utter, and publish to said Farmers and Merchants Savings Bank a certain *fictitious* check, purporting to be the check for the payment of money of Edward J. Caswell. The information sets forth the check in *haec verba,* and then further alleges that there was no such bank, corporation, copartnership, person, or individual as Edward J. Caswell in existence, and that the defendant *knew* the check to be *fictitious* at the time he made, passed, uttered and published the same.

Webster defines fictitious as "feigned, imaginary, not real, counterfeit, false, not genuine." (See, also, *People* v. *Harben, supra.*)

It would seem, therefore, where the information charges, as it does here, the defendant with making, passing, uttering and publishing a *fictitious* check knowing it to be fictitious, that it obviates the necessity of also informing the defendant that he made, uttered, passed and published the same as true and genuine. If the name signed to the check is *fictitious,* it certainly could not be the true and genuine signature of any person.

[4] If the defendant had been charged under section 470 with forging the name of a *real person* to a check, and passed and published the same, then it would have been necessary to also allege that he passed and published the same as the true and genuine check of the person whose name was signed to it, in order to constitute a complete offense of forgery, but where an information or indictment is laid under either section 470 or section 476 of the Penal Code and is founded upon a check bearing the name of an imaginary or fictitious person, then the essential elements to be alleged are the uttering and publishing of such a check, knowing the same to be *fictitious,* etc. We conclude, therefore, that the information states a complete public offense, and that the general demurrer was properly disallowed.

[5] We think that the special demurrer urged, that the information does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, is without merit. All that is required in this regard is that the information be sufficient to enable the defendant, or any

person of common understanding, to know what was intended, and to set forth the acts charged with such degree of certainty as to enable the court to pronounce judgment upon conviction. (*People* v. *Gordon*, 13 Cal. App. 678 [110 Pac. 469].)

[6] Complaint is also made by the defendant that the information fails to set forth the particulars showing what the artifice, trick, scheme, or deception was that defendant used to acquire the property of the bank. A sufficient answer to this contention is found in the information—there it is alleged that the trick or scheme used was the uttering of a fictitious check purporting to be the check for payment of money of Edward J. Caswell, whereas, in truth and fact, there was no such person in existence. The information fully meets these requirements.

[7] It is also contended by defendant that the *corpus delicti* was not established, in that the prosecution failed to prove that Edward J. Caswell was or is a fictitious person. The witness A. K. Gibbs, who was chief clerk of the Oakland Bank, upon which the check was drawn, testified that he was familiar with the accounts of the bank; that he had looked particularly for the account of Edward J. Caswell and had not found any such account, and that he could state positively there were no accounts under the name of Edward Caswell. This testimony has been uniformly held to be *prima facie* evidence of the nonexistence of the drawer of a check claimed to be fictitious. (*People* v. *Eppinger*, 105 Cal. 36 [38 Pac. 538]; *People* v. *Bernard*, *supra*; *People* v. *Walker*, 15 Cal. App. 401 [114 Pac. 1009]; *People* v. *Thal*, 61 Cal. App. 48 [214 Pac. 296].) This *prima facie* showing was supplemented by a great deal of other testimony to the effect that the name of Edward J. Caswell, signed to the check in question as maker thereof, was a myth.

The defendant also complains of the following instruction given by the court to the jury: "You are instructed that in a case where a check is drawn upon some bank, banker or depositary for money, purporting to be signed by an individual, evidence that no such person as the one whose name purports to be signed to such check had any account with said bank, banker or depositary for the payment of money at the time of making, drawing or ut-

tering of such check is *prima facie* evidence of the fictitious character of the check."

[8] One of the objections raised by the defendant to this instruction is that it uses the words *"prima facie"*; claiming that these words are Latin, and to use Latin words in instructing the jury is a violation of article IV, section 24, of the constitution of the state of California. This objection seems to be highly technical. The words *"prima facie"* have, by long usage, become a part of the English language, and their meaning is readily understood by a person of common understanding. Our Code of Civil Procedure (sec. 1833) recognizes the phrase and defines it as evidence which suffices for the proof of a particular fact, until overcome by other evidence. This is practically the same definition of the words as used in Webster's Dictionary, which defines the words as evidence sufficient to establish a fact in question unless rebutted.

[9] The next objection to the instruction is that it invades the province of the jury. This objection is also wholly without merit. The instruction merely declares a general principle of law, and has been approved by this court in *People* v. *Thal, supra,* as being correct in law and proper in form.

Defendant also contends that the court erred in the refusal of certain instructions proposed by the defendant and in the giving of other instructions. We have examined these alleged errors and we find them without merit.

Defendant also complains of the admission of certain evidence of similar transactions, for the reason that the *corpus delicti* had not been established. What we have already said is a sufficient answer to this contention and the testimony was properly admitted.

Many other errors on the part of the trial court are urged by defendant, but we have examined all these contentions and if any errors at all were made they are of a trivial character and did not affect the substantial rights of the defendant, and would not be sufficient for reversal of the judgment of conviction in the absence of section 4½ of article VI of the constitution. In fact, after a careful examination of the entire record, including the evidence, we are firmly of the opinion that the defendant was fairly tried and justly convicted upon evidence that does not admit of

any doubt.　The defendant's counsel has made a strong presentation of an exceedingly weak case.

The judgment and order are affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 3, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 3, 1927.