[Civ. No. 2220. Second Appellate District, Division Two.—November 4, 1932.]

THE PEOPLE, Respondent, v. CHARLES L. WHITAKER, Appellant.

Orbison & Irwin for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—Appellant and one Leo J. Kiemel were charged by information containing three counts with the crime of forgery, appellant being charged additionally with a prior conviction of the crime of forgery. He admitted the previous conviction but pleaded not guilty and not guilty by reason of insanity on all three counts, which

latter plea was subsequently withdrawn. The jury found him guilty on all three counts, pursuant to which judgment was pronounced; thereafter he made a motion for a new trial, which was denied, and he now appeals from the judgment and the order denying the motion for a new trial.

All three counts charged the issuance of forged checks drawn on the Security First National Bank of Los Angeles, Seventh and Witmer branch. The first check was drawn December 2, 1931, to the order of Lewis B. Fisher and indorsed with the name Lewis B. Fisher. The other two checks were drawn the fifth day of December, 1931, to the order of C. O. Skaggs and indorsed with the name C. O. Skaggs. The evidence showed that all three checks were presented by Kiemel, who cashed the first one at a meat market and the other two at grocery-stores. Appellant was apprehended on or about January 7, 1932, and on the evening of that day at a police station in Los Angeles, and at the request of Police Officer Magness, he (appellant) made an exemplar of his handwriting, which writing was later introduced into evidence at his trial.

Appellant's contentions are as follows: (1) Insufficiency of the evidence to sustain the verdict; (2) error in the admission of certain evidence, and (3) error in the refusal to give certain instructions requested by defendant.

■ Before setting forth portions of the evidence tending to show the sufficiency thereof to sustain the verdict, it should be noted that appellant's reasons for contending there was error in the refusal to give certain of his proffered instructions is based upon the same grounds he advances for his contention that there was insufficient evidence to sustain the verdict, and for that reason they will be treated together. The point he makes is this: That before there can be a conviction of the crime of forgery, there must be the *act of delivery* of the forged instrument by the alleged forger with the intent and purpose on the part of the alleged forger to have the same uttered or passed, or he, himself, must do some act showing an intent or purpose to pass or utter the forged instrument; that the mere writing of another's name, be it fictitious or otherwise, without such showing does not prove the crime. The error in this premise is made apparent by a reading of the case of *People* v. *Lucas,* 67 Cal. App. 452 [227 Pac. 709], wherein the rule is laid

down that the crime of forgery is complete when one either *makes* or passes *a false instrument with intent to defraud.* Thus, if there is sufficient evidence in the record to prove the making of the instruments with intent to defraud, the conviction must be upheld.

In this regard it is sufficient to observe that the testimony shows that the appellant admitted to an officer that he and three others were present when the checks were made and that he received some money from the cash realized from the checks. A handwriting expert testified that in his opinion the face of the two checks dated December 5th and the indorsement on that of the one dated December 2d were written by the man who penned the exemplar, giving his reasons therefor. There can be no doubt of the sufficiency of the testimony to warrant the implied finding of the jury.

█ Appellant claims that it was error to permit the introduction of the exemplar executed by appellant on the night of his arrest because there was no showing that appellant was warned that the evidence so secured might be used against him or that no threats or promises of immunity were used to secure the exemplar, and because it was obtained after his arrest. Concerning the first reason it is well to note that the officer told appellant that he wanted the exemplar "for the purpose of comparing it with checks that we had in our possession". Also there is no evidence in the record sufficiently indicating that it was involuntarily given, while there is evidence that the same was freely given without promise of reward or immunity. █ Furthermore, it cannot be said that the exemplar is analogous to a confession and governed by the rules pertaining to its introduction into evidence for, as it is said in *People* v. *Hall,* 105 Cal. App. 359 [287 Pac. 533]: "It is only with respect to confessions, which are acknowledgments in express terms by a party in a criminal case, of the truth of the crime charged, that the rule prevails that preliminary proof that they were voluntary must be made before they can be admitted in evidence." (See, also, *People* v. *Ramirez,* 113 Cal. App. 204 [298 Pac. 60], and *People* v. *Fowler,* 178 Cal. 662 [174 Pac. 892].) █ The objection that it was inadmissible because it was taken after defendant's arrest is answered by the provisions of section 1944 of the Code of Civil Procedure, which provides that "Evidence respecting

the handwriting may also be given by a comparison, made by the witness or the jury, with writings *admitted or treated as genuine by the party against whom the evidence is offered* or proved to be genuine to the satisfaction of the judge." (Italics ours.)

Judgment and order affirmed.

Craig, Acting P. J., and Stephens, J., *pro tem*, concurred.