[Crim. No. 1513.   Third Appellate District.—October 3, 1936.]

THE PEOPLE, Respondent, v. R. McDONALD, Appellant.

Chester Monette for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was convicted of the crime of forgery upon an information based upon section 470 of the Penal Code, and appeals from the judgment of conviction. The charge against the appellant in the information is in the following words and figures:

"The said defendant R. McDonald, is accused by the District Attorney of the County of Humboldt by this information of the crime of FORGERY committed as follows: The said defendant R. McDonald, on the 18th day of March, A. D. nineteen hundred and thirty-six, at and in the county of Humboldt and State of California, did then and there unlawfully, feloniously, knowingly, falsely and fraudulently, and with intent to prejudice, damage and defraud Ronald Russell, make, alter, forge and counterfeit a certain instrument in writing, in the words and figures following, to-wit:

Eureka, Cal. Mar. 18, 1936. No.

Commercial

THE BANK OF AMERICA        12

RED BLUFF

Pay to the order of Ronald Russell    $5 no/100

Five Dollars and no/100—Dollars

HOLMES & WING, Inc.

R. V. WING

Endorsed: Ronald Russell.

and he, the said R. McDonald, then and there well knowing the same to be false, altered, forged and counterfeited, did then and there, to-wit: on the 18th day of March, 1936, at and in said County of Humboldt, wilfully and unlawfully, feloniously and fraudulently, and with intent to prejudice, damage and defraud said Ronald Russell, utter, publish and pass the same as genuine and true to the said Ronald Russell, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the People of the State of California."

The appellant filed a general demurrer to the information, which was overruled.

On this appeal the first ground alleged for reversal is that the information does not charge whether the name alleged to have been forged was that of a fictitious person, or of a natural, living person.

In *People* v. *Gayle*, 202 Cal. 159 [259 Pac. 750], the Supreme Court has decided that it is unnecessary to allege whether the signature to a false instrument is the forgery of an existing person, or of a fictitious person. Under section 470 of the Penal Code the crime of forgery may consist of making a false instrument, or of passing a false instrument.

In the case of *People* v. *Lucas,* 67 Cal. App. 452 [227 Pac. 709], this court had before it a cause in which the charging party of the offense against the defendant was in language identical with that employed in the instant case. The judgment of conviction in the Lucas case was upheld. The ruling of the court in the case of *People* v. *Lucas* was affirmed in *People* v. *Whitaker,* 127 Cal. App. 370 [15 Pac. (2d) 883].

The case of *People* v. *Whitaker, supra,* held the essential elements to be alleged are the making of a false instrument, and the intent to defraud. The information in this case alleges that the check was passed as true and genuine; that the defendant knew the same to be false; that it was passed to the prejudice of one Ronald Russell. This appears to be all that is necessary. (*People* v. *Smith,* 103 Cal. 563 [37 Pac. 516], and *People* v. *Lucas, supra.*)

The defendant relies upon the case of *People* v. *Carmona,* 80 Cal. App. 159 [251 Pac. 315]. That action was based upon the provisions of section 476 of the Penal Code, and therefore the ruling in that case is not controlling here.

Appellant further alleges that the court erred in admitting additional checks prepared and passed in similar fashion by the appellant before proving the *corpus delicti* in the instant case. An examination of the record, however, shows that the testimony given by the witness Ronald Russell, upon whom the fictitious check was passed, amply set forth all the facts and circumstances showing the *corpus delicti* and the offense committed by the appellant, before

similar checks passed by the appellant were offered and admitted in evidence.

The testimony in the case shows the preparation of the check by the appellant; the fact of its passing; that he received money from Ronald Russell thereon; that the check was fictitious; and this was followed by the introduction in testimony of a number of similar checks which appellant had passed upon other persons.

The record also contains testimony to the effect that at the time the appellant was passing fictitious checks, he was more or less under the influence of liquor. The appellant in his testimony disclaimed all knowledge of passing the fictitious checks. Upon the trial of the case it appears that testimony of fingerprints of the defendant taken at the Multnomah County jail, and also photographs alleged to be of the appellant, taken at the Multnomah County jail, were admitted in evidence.

■ Upon his direct examination the appellant testified, in answer to questions propounded by his counsel, that he had never been in jail. To controvert this statement the prosecution offered, and succeeded in introducing in testimony, exemplars of fingerprinting, and also photographs alleged to be photographs of the appellant. The fingerprint exemplars and photographs do not appear to have been authenticated other than by letters sent therewith in reply to requests made by the district attorney. That they were not properly authenticated may be admitted, but in view of the record showing absolutely that the defendant passed not only the fictitious check upon which he was tried, but also a number of other checks of similar character, no prejudice could possibly be caused the appellant by any error of the court in permitting the introduction of the fingerprint copies or of the photographs.

■ The appellant also complains of the refusal of the court to instruct the jury that it is incumbent upon the prosecution to establish by evidence beyond a reasonable doubt, that there was no such person as R. V. Wing (this was the name signed to the fictitious check); that at the time the defendant knew there was no such person; that said check was passed by the defendant with intent to defraud. As we have shown, it is not necessary in the first place either to allege or prove that the name of the in-

dividual forged was real or fictitious. We add the additional case of *People* v. *Jones,* 12 Cal. App. 129 [106 Pac. 724].

The appellant further contends that the court erred in refusing to give an instruction based upon the intoxication of the appellant at the time of the passing of the check in question. A reference to the instructions given by the court shows that the jury was properly instructed that whenever an intent is necessary to establish a, crime, the jury may take into consideration such fact. Having given the substance of the instruction, the court was not required to repeat the same at the request of the appellant. We do not need to quote authorities in support of this statement. The record shows that the appellant's motion for a directed verdict was denied.

Finding no merit in the appeal, the order and judgment of the trial court are affirmed.

Pullen, P. J., and Thompson, J., concurred.