[Crim. No. 2854.    Third Dist.    Sept. 11, 1958.]

THE PEOPLE, Respondent, v. CARL E. GIGUIERE,
Appellant.

Carl E. Giguiere, in pro. per., and Harold L. Abbott for Appellant.

Edmund G. Brown, Attorney General, and Lloyd Hinkelman, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant was charged by information with a violation of section 470 of the Penal Code. The information charged in Count I that appellant, on or about February 22, 1957, "did, with intent to defraud, sign the name of another person to a check, knowing that he had no authority so to do, and falsely forged an endorsement on a bill of exchange, promissory note or check and attempted to pass as true and genuine a check bearing a forged endorsement, knowing the same to be forged, with intent to prejudice, damage or defraud one Merl H. Fincher and/or Ray Randall." The information also charged appellant in Counts II through IV with four prior felony convictions for which he had served a sentence in a state or federal penal institution.

Defendant pleaded not guilty to the offense charged in Count I and admitted the four prior convictions charged. The case went to trial and the jury returned a verdict of "guilty of a violation of Section 470 of the Penal Code of the State of California, as charged in the information."

The court denied defendant's motion for a new trial, denied probation and pronounced judgment. Defendant has appealed from the judgment and from the order denying his motion for a new trial.

Appellant urges several grounds for a reversal of the judgment, but before discussing these we shall give a brief summary of the evidence as shown by the record.

On or about February 22, 1957, while in possession of an automobile belonging to Ray Randall, appellant presented to Charles Edwards, Jr., an employee of the White Eagle service station in Susanville, California, a check for $32 (People's Exhibit No. 1) for payment of a service station bill. The check was drawn by appellant on the First Western Bank and Trust Company, Susanville, California, and made payable to Ray Randall. The check was endorsed on the back with the

name "Ray Randall." Edwards, mistakenly believing appellant was Ray Randall, accepted the check as payment for an oil change and lube job performed on a gray Hudson automobile. Edwards gave appellant the money difference between the lubrication bill and the amount of the check.

On the following day appellant again visited the White Eagle service station where he procured gas for the gray Hudson automobile and gave Edwards another check (People's Exhibit No. 2) drawn by appellant on the First Western Bank and Trust Company, Susanville, California, made payable to Ray Randell and endorsed on the back with the name "Ray Randall," for the amount of $36. Edwards, still operating under a mistaken belief as to appellant's identity, gave appellant change for the difference in the amount of gasoline purchased and the amount of the check. The two checks were forwarded to the bank for deposit and returned marked "cannot locate account." Mr. Fincher, the owner of the White Eagle service station, has never received payment on the $32 check cashed by appellant on or about February 22, 1957.

During the month of January and part of February appellant helped Ray Randall deliver and collect Bee newspaper subscriptions. Appellant on occasion was given authority by Randall to endorse Randall's name on the back of checks for the purpose of purchasing groceries for the Randall family. Appellant also had authority to procure gasoline on credit by signing Randall's name to such credit receipts. Appellant was not authorized by Randall to endorse or cash People's Exhibits Numbers 1 or 2. Appellant at no time mentioned said checks to Randall, nor did Randall receive any money obtained by appellant from the issuance of said checks.

In November, 1957, Officer Delbert L. Gorbet of the Susanville Police Department flew to Fresno, California, to take appellant into custody. On the return trip Officer Gorbet showed appellant People's Exhibit Number 1 and asked appellant if he had written the check. Appellant responded that he had written People's Exhibit Number 1. Sometime thereafter, while in Susanville, appellant was asked by Officer Elerick if appellant thought People's Exhibits 1 and 2 were in his handwriting. Appellant responded that the checks were not in his handwriting and that the officer could ask appellant's wife and she would verify it.

It was ascertained during the trial by expert testimony that the endorsement on the back of People's Exhibit 1 was in appellant's handwriting and not Ray Randall's.

The appellant did not testify during the trial nor did he introduce any witnesses in his behalf, but limited his defense to the cross-examination of the prosecution's witnesses.

Appellant's first contention is that the evidence is insufficient to support the judgment of conviction. There is no merit in this contention.

Appellant argues that the evidence discloses that he had authority to sign Randall's name to checks and therefore he could not be guilty of forging an endorsement. While the evidence disclosed that the appellant had an implied authority to sign checks received in the course of appellant's business and that Randall or his wife gave appellant authority to sign Randall's name to certain specific checks, there was no authority to sign the check in question. It was not a check received in the course of business nor was it a check for which specific authority was given. Even if it can be said that appellant had authority in certain instances this authority would not exonerate him where it was exceeded. (See *People* v. *Caldwell*, 55 Cal.App.2d 238 [130 P.2d 495] ; 38 C.J.S., Forgery, § 8.)

Appellant contends also that the verdict of the jury is so uncertain and ambiguous as to warrant a reversal. The information charged appellant with forgery with intent to defraud Merl H. Fincher and/or Ray Randall. The jury brought in a verdict of guilty as charged. Appellant contends that since there was no evidence from which an inference of intent to defraud Randall may be drawn, the verdict is void for uncertainty. Appellant argues that the check was never intended for Randall, that he owed Randall no money and that Randall did not see it until after it was passed.

It may be that the evidence does not disclose an intent to defraud Randall, but this would not require a reversal of the judgment because there is ample evidence that appellant intended to defraud Fincher, the owner of the service station. In *People* v. *Ruiz*, 103 Cal.App.2d 146 [229 P.2d 73], it was held that failure of proof as to intent to defraud one person named in the information was immaterial where there was proof to sustain the finding as to the others. The court said at page 149 :

"The evidence was thus sufficient to establish that the check was forged and uttered by defendant with intent to cheat and defraud Eastern Cabinet and Furniture Company and Bank of America. The fact that the evidence did not establish that defendant intended to cheat and defraud Aurora

Romero, who was named in the information as one of the persons he intended to cheat, is immaterial.''

The verdict followed the form of the information. The appellant was represented by counsel at all stages of the proceedings. Neither appellant nor his attorney demurred to the information nor did they move to dismiss the information. The appellant failed to make any attempt to perfect the alleged possible defect in the pleading. If it be deemed that the information was uncertain on account of the use of the term ''and/or,'' that defect was waived by appellant's failure to demur. (*People* v. *Pryor*, 17 Cal.App.2d 147 [61 P.2d 773]; *People* v. *Schoeller*, 96 Cal.App.2d 61 [214 P.2d 565]; *People* v. *Waid*, 127 Cal.App.2d 614 [274 P.2d 217]; *People* v. *Murphy*, 17 Cal.App.2d 575 [62 P.2d 592]; *People* v. *Yant*, 26 Cal.App.2d 725 [80 P.2d 506].)

While it is true that our courts have on occasion criticized the use of the term ''and/or'' in pleadings, we do not believe that appellant suffered any prejudice in the instant case because of the form of the information or the verdict.

■ Appellant next contends that the court erred in giving the following instruction:

''The law only requires that you find as a fact either that the defendant falsely forged an indorsement knowing the same to be forged with intent to prejudice, damage, or defraud another, or, that the defendant attempted to pass as true and genuine a check bearing a forged indorsement, knowing the same to be forged with intent to prejudice, damage, or defraud another, to arrive at a verdict of guilty.

''However, before bringing in a verdict of guilty you must all be convinced beyond a reasonable doubt and to a moral certainty that the defendant committed the crime of forgery in one or the other of the two ways heretofore just enumerated.''

We do not believe that the court committed error in giving this instruction, which is in the language of CALJIC 401-B.

It should be noted that pleading the offense of forgery in the conjunctive, as was done in the instant matter, has met with approval by our courts. (*People* v. *Keene*, 128 Cal.App. 2d 520 [275 P.2d 804]; *People* v. *McDonald*, 16 Cal.App.2d 687 [61 P.2d 66].) Although such pleading charges appellant with doing a series of acts, such allegations allege the single offense of forgery and is therefore proper. (*People* v. *Keene*, *supra*.)

In the case of *People* v. *Mitchell*, 92 Cal. 590 [28 P. 597, 788], the appellant was charged in the information with making and forging a certain check *and* with uttering and publishing and passing said forged check. The lower court instructed the jury that it was their duty to convict the appellant if the evidence sufficiently disclosed there was a forgery of the check *or* an uttering and passing of the check. The court held that the instruction was proper if the two elements of the charge had been properly pleaded.

In the case of *People* v. *Pauli*, 58 Cal.App. 594 [209 P. 88], the appellant was charged in the information with the making, forging and uttering of a false check. The appellant requested an instruction to the jury to acquit the appellant if they should find that he made and forged said check but did not utter same. The court held that the lower tribunal properly refused appellant's instruction since the commission of either of said acts constituted a crime; hence, the instruction sought by appellant was *contra* to the law.

The final and most serious contention of appellant is that the district attorney committed prejudicial error by introducing in evidence, for the limited purpose of showing the handwriting of the appellant, a series of checks admittedly forged by the appellant and a letter written by the appellant when he was incarcerated in Preston. Appellant's counsel offered to stipulate that the exemplars were written by the defendant. The offer was refused. The district attorney then proceeded to offer in evidence 10 checks, allegedly forged by appellant in Fresno in 1949, as exemplars of appellant's handwriting. Although appellant's counsel pointed out that on each of these checks the word "Forged" was written in red and objected that the introduction of the checks was highly prejudicial, the court permitted their introduction in evidence and admonished the jury as follows:

"I will admonish the jury at this time that these checks are being offered not as evidence of this crime directly, or the commission of any other offense, but are only being offered for the limited purpose of giving exemplars of the handwriting in this trial."

While the district attorney was not required to accept appellant's stipulation that the exemplars were written by him, we believe it was highly improper for the district attorney to introduce in evidence the entire check with the word "Forgery." It would have been a simple matter to have made use of the signatures on the checks as exemplars, with-

out permitting the jurors to see the entire check. We can only conclude that the district attorney, in proceeding as he did, desired to get before the jury the fact of these earlier forgeries by appellant. We doubt that the admonition of the court could erase the effect of these checks upon the jury, and were the case a close one on the evidence we would be constrained to hold that the manner in which the 10 checks were introduced was so prejudicial as to require a reversal of the judgment. However, a careful study of the entire record convinces us that the evidence of appellant's guilt was so strong that we cannot say that the improper conduct of the district attorney resulted in a miscarriage of justice. Therefore, bearing in mind the provisions of section 4½ of article VI of our state Constitution we conclude that no miscarriage of justice has resulted.

The judgment and the order are affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied October 10, 1958, and appellant's petition for a hearing by the Supreme Court was denied November 5, 1958.

*Assigned by Chairman of Judicial Council.